[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 04-14320
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
June 28, 2005
THOMAS K. KAHN
CLERK

D.C. Docket No. 03-00133-CR-FTM-29-SPC

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FRANK MORGAN,

Defendant-Appellant.

_____

Appeal from the United States District Court for the
Middle District of Florida

_____

(June 28, 2005)

Before CARNES, BARKETT and MARCUS, Circuit Judges.

PER CURIAM:

Frank Morgan appeals his 151-month sentence for distribution of 5 grams or

more of crack cocaine, in violation of 21 U.S.C. § 841(a)(1) (2005). On appeal, he

argues that the district court committed reversible error when it: (i) enhanced his sentence based on his prior convictions, in violation of <u>Blakely v. Washington</u>, 124 S.Ct. 2531 (2004) and <u>United States v. Booker</u>, 125 S.Ct. 738 (2005); and (ii) enhanced his sentenced under the mandatory sentencing guidelines regime, which <u>Booker</u> has since rendered advisory. We find no merit in Morgan's first argument, given binding Supreme Court precedent which permits district courts to rely on prior convictions to enhance sentences. However, because Morgan has preserved his <u>Booker</u> claim, and the government has not met its burden to show that the statutory <u>Booker</u> error in Morgan's sentence was harmless, we vacate his sentence and remand the case to the district court for resentencing consistent with <u>Booker</u>.

BACKGROUND

Morgan pled guilty to count one of a four-count indictment, admitting that he possessed with intent to distribute five or more grams of crack cocaine base, in contravention of 21 U.S.C. § 841(a)(1) (2005). The Presentence Investigation Report ("PSI") set the base offense level at 26, and gave a two-level adjustment for acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1(a), and a one-level adjustment for a timely plea, pursuant to U.S.S.G. § 3E1.1(b). Taking these into account, the adjusted offense level stood at 23. However, because Morgan's criminal history included a prior state robbery offense and a prior federal drug

offense, he qualified as a career offender within the meaning of U.S.S.G. § 4B1.1. With the career criminal classification, the PSI calculated his enhanced offense level at 31. With a criminal history category of VI, the PSI stated that the guidelines imprisonment range was 188 months to 235 months.

Morgan filed several objections to the PSI, including one in which he argued that Blakely applied to the federal sentencing guidelines. The district court overruled that objection, but did grant a motion to reduce Morgan's criminal history classification from VI to IV under U.S.S.G. § 4A1.3 in order to avoid criminal history over-representation. With a criminal history category IV and an adjusted offense level of 31, the guidelines range stood between 151 months' and 188 months' imprisonment. The district court sentenced Morgan to the minimum guidelines sentence of 151 months. Morgan timely appealed.

## STANDARD OF REVIEW

Because Morgan raised his constitutional objection to the district court's application of the Sentencing Guidelines at sentencing, we review the issue de novo, and reverse "only if any error was harmful." United States v. Paz, 405 F.3d 946, 948 (11th Cir. 2005). Constitutional Booker errors are harmless only where the government can show, beyond a reasonable doubt, that the error did not contribute to the defendant's sentence. Id. For a non-constitutional Booker error

to be harmless, the government shoulders the somewhat lower burden of proving that when the proceedings are viewed in their entirety, the error did not affect the sentence, or had "but very slight effect." United States v. Mathenia, 04-15250, 2005 U.S. App. LEXIS 9352 at *6 (11th Cir. May 23, 2005).

## ENHANCEMENTS BASED ON PRIOR CONVICTIONS

The Supreme Court has held that the government need not allege in the indictment nor prove beyond a reasonable doubt the fact that a defendant had prior convictions in order for a district court to use those convictions to enhance the defendant's sentence. United States v. Almendarez-Torres, 523 U.S. 224, 247 (1998); Shepard v. United States, 125 S.Ct. 1254, 1257 (2005). The Booker decision itself confirms that the rule set forth in Almendarez-Torres remains good law. See Booker, 125 S.Ct. at 756 ("Any fact (*other than a prior conviction*) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt.") (emphasis added); see also, United States v. Orduno-Mireles, 405 F.3d 960, 962-63 (11th Cir. 2005) (holding that following Booker and Shepard, "Almendarez-Torres remains the law until the Supreme Court determines that [it] is not binding precedent.").

In light of this binding precedent, we reject Morgan's contentions that Almendarez-Torres did not survive Booker and that the district court committed constitutional error when it enhanced his sentence based upon prior convictions.

STATUTORY BOOKER ERROR

Even in the absence of constitutional Booker error, the district court commits statutory Booker error where it imposes a sentence under a mandatory guidelines system. United States v. Shelton, 400 F.3d 1325, 1330-31 (11th Cir. 2005). Because this error is statutory rather than constitutional, it is harmless only if the government demonstrates that the error did not affect the sentence, or had "but very slight effect." Mathenia, 2005 U.S. App. LEXIS 9352 at *6.

The parties here properly agree that there is statutory Booker error in Morgan's sentence because he was sentenced under the mandatory guidelines scheme that Booker has rendered advisory. The government, however, argues that the error is harmless because: (i) the record contains no indication that the district court would have imposed a lesser sentence had it understood its discretion to do so; and (ii) the district court, in ruling on Morgan's motion for a downward departure, stated that it while it would reduce Morgan's criminal history category by two levels, it would not further depart downward further on the facts of the case.

5

The government's first argument is misplaced, as the government bears the burden of demonstrating that the statutory <u>Booker</u> error was harmless. <u>Mathenia</u>, 2005 U.S. App. LEXIS 9352 at *6. Indeed, the government's burden of establishing that a preserved error was harmless is the same standard the defendant must meet in order to demonstrate prejudice under the third-prong of plain error review. <u>Id.</u> at *7. We have held that a defendant does not meet that plain error third-prong where the record does not permit a conclusion one way or the other as to whether the district court would've imposed a lower sentence under an advisory guidelines scheme. <u>United States v. Rodriguez</u>, 398 F.3d 1291, 1301 (11th Cir. 2005). By the same token, where the record does not permit a conclusion as to what sentence the district court would have imposed under an advisory version of the guidelines, the government has not satisfied it burden of establishing harmless error under preserved error review. We thus reject the government's argument that the non-constitutional <u>Booker</u> error in Morgan's sentence was harmless because the record would leave us speculating as to what sentence the district court would impose in its discretion. Rather, the uncertainty as to what sentence the district court would impose post-<u>Booker</u> precludes a conclusion that the error is harmless.

The government's second argument, that <u>Booker</u> statutory error is harmless because of the district court's refusal to depart downward further, is similarly inapposite. We have held that a district court's decision not to depart downward under U.S.S.G. § 5K1.1 does not demonstrate that a constitutional <u>Booker</u> error is harmless, because the mandatory guidelines did not grant the district court unfettered discretion as to departures, but rather, narrowly constrained the considerations relevant to departures and the extent to which such departures were permissible. <u>United States v. Davis</u>, 04-14585, 2005 U.S. App. LEXIS 7701 at * (11th Cir. May 4, 2005). The same considerations apply to statutory <u>Booker</u> error. Here, the district court's decision to grant a departure under U.S.S.G. § 4A1.3 did not involve the universe of sentencing factors relevant under 18 U.S.C. § 3553(a), nor does § 4A1.3 grant the district court the same degree of discretion that it now possesses under the post-<u>Booker</u> advisory guidelines. As in <u>Davis</u>, we conclude that the district court's decision to grant a limited downward departure pursuant to U.S.S.G. § 4A1.3(b)(1) does not demonstrate what sentence the district court would have imposed had it understood the guidelines to be advisory, nor can it serve to satisfy the government's burden to demonstrate that the error was harmless.

Because we find <u>Booker</u> statutory error in Morgan's sentence, and hold that the government has failed to demonstrate that such error was harmless, we vacate Morgan's sentence and remand the case to the district court for resentencing consistent with <u>Booker</u>.

**VACATED AND REMANDED.**